IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEPTACORE, INC., | ) |
| | ) |
| Plaintiff/Petitioner, | ) |
| | ) |
| vs. | ) Case No. 08-cv-0323-MJR-CJP |
| | ) |
| SCOTT LUSTER, | ) |
| | ) |
| Defendant/Respondent. | ) |

ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

On cross-appeals from the decision of Judge Gerald D. Fines of the United States Bankruptcy Court for the Southern District of Illinois (Case No. 01-cv-0493), the undersigned District Judge ordered extensive briefs and heard oral argument. Ultimately, the undersigned Judge partially affirmed and partially modified Judge Fines' decision, concluding that certain of Luster's debts were dischargeable in bankruptcy and others were not.

Judgment was entered on February 13, 2002. An amended judgment was entered on March 19, 2002.[1] *See* Docs. 20 & 25 in Case No. 01-cv-0493. The March 2002 amended judgment ran in favor of Heptacore and against Luster in the amount of $285,000 (the portion of the debt which was non-dischargeable in bankruptcy), plus $97,474.15 in attorneys' fees/costs, $211,392.93 in interest (covering the period through June 14, 2001) and post-judgment interest accruing at 3.64% per annum from June 14, 2001 until the judgment was fully satisfied. In November 2002, the United States Court of Appeals for the Seventh Circuit affirmed the undersigned Judge's decision.

Heptacore now petitions this Court to "revive" the judgment against Luster. The petition to revive judgment cites 735 ILCS 5/12-108, which allots a seven-year period to enforce a judgment and states that, *after* seven years, enforcement must be via proceeding to revive judgment under 735 ILCS 5/2-1601 and 2-1602.

---

[1] The judgment was signed February 8, 2002 but not entered on the docket until February 13, 2002. The amended judgment was signed March 13, 2002 and entered on the docket March 19, 2002.

On threshold review, the undersigned Judge questions whether the seven-year period to enforce the judgment runs from June 14, 2001 (the date Judge Fines ruled in the Bankruptcy Court) or March 19, 2002 (the date the undersigned District Judge resolved the appeal and entered the amended judgment for the amount Heptacore seeks to enforce). The undersigned Judge will permit Heptacore to brief this question (has seven years run since the operative judgment was entered?) as well as a second issue: assuming that seven years has elapsed and a revival proceeding is required by Illinois law, what federal statute or provision confers subject matter jurisdiction on this United States District Court to resolve the revival petition? Heptacore's pleadings do not squarely identify the basis on which this Court enjoys subject matter jurisdiction.[2]

As to that issue, *TDK Electronics Corp. v. Draiman*, 321 F.3d 677, 678 (7th Cir. 2003), may furnish a starting point. In *TDK*, the Seventh Circuit referenced Federal Rule of Civil Procedure 69(a)(incorporating Illinois state law as to judgment execution) and recognized: "Illinois law permits execution until 20 years after a judgment's entry, but if the judgment is older than seven years it must be 'revived' to ensure its continuing validity in the eyes of the rendering court." *Id.* But *TDK* did not discuss subject matter jurisdiction for a separate action petitioning to revive a judgment. Nor did the Seventh Circuit do so in *Youakim v. McDonald*, 71 F.3d 1274, 1282 (7th Cir. 1995), although that case notes that Plaintiffs invoked the federal district court's "continuing jurisdiction … to revive this long-dormant litigation." *See also Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 808 n.2 (7th Cir. 1969)(implicitly affirming Ohio federal district court's ruling that jurisdiction lay over a petition to revive judgment).

Heptacore should address both these questions via "Jurisdictional Memorandum" no longer than six pages e-filed in this Court <u>on or before 5/20/08</u>.

IT IS SO ORDERED.

DATED this 7th day of May 2008.

                                         s/ Michael J. Reagan
                                         MICHAEL J. REAGAN
                                         United States District Judge

---

[2] Heptacore's petition cites 28 U.S.C. § 1962, which provides that every judgment rendered by a district court "shall be a lien on the property" located in the state where the district court sits, "to the same extent and under the same conditions as a judgment" issued in that state court, but § 1962 does not confer federal subject matter jurisdiction.