IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HEPTACORE, INC., )
)
       Petitioner/Appellee, )
)
vs. ) Case No. 08-cv-0323-MJR-CJP
)
SCOTT LUSTER, )
)
       Respondent/Appellant. )

## ORDER AND JUDGMENT
## ON PETITION TO REVIVE

REAGAN, District Judge:

In an earlier case (No. 01-cv-0493-MJR), the undersigned Judge handled cross-appeals from a decision of Judge Gerald D. Fines of the United States Bankruptcy Court for the Southern District of Illinois. This Court partially affirmed and partially modified Judge Fines' decision, concluding that certain of Scott Luster's debts were dischargeable in bankruptcy and others were not. Judgment was entered on February 13, 2002. An amended judgment was entered on March 19, 2002.[1] *See* Docs. 20 & 25 in Case No. 01-cv-0493.

The amended judgment ran in favor of Heptacore and against Luster in the amount of $285,000 (the portion of debt which was non-dischargeable), plus $97,474.15 in attorneys' fees/costs, $211,392.93 in interest (through June 14, 2001) and post-judgment interest accruing at

---

[1] The original judgment was signed February 8, 2002 and entered on the docket February 13, 2002. The amended judgment was signed March 13, 2002 and entered on the docket March 19, 2002.

3.64% per annum from June 14, 2001 until the judgment was fully satisfied. In November 2002, the United States Court of Appeals for the Seventh Circuit affirmed the undersigned Judge's decision.

On May 2, 2008, Heptacore petitioned this Court to "revive" that judgment against Luster. The petition relies on the appropriate Illinois statutes. 735 ILCS 5/12-108 allots a seven-year period to enforce a judgment and provides that, *after* seven years, enforcement must be via proceeding to revive judgment under 735 ILCS 5/2-1601 and 2-1602.

On threshold review, the undersigned Judge sought briefing from Petitioner Heptacore which clarified this Court enjoys subject matter jurisdiction over (and is the proper forum to adjudicate) the petition to revive judgment. Now before the Court is Heptacore's motion for default judgment (Doc. 14), which is hereby **GRANTED**, the Court finding as follows.

1. On July 24, 2008, the Clerk of this Court properly made an entry of default in favor of Heptacore and against Luster, pursuant to Federal Rule of Civil Procedure 55(a). Luster had failed to answer or otherwise respond to the petition, after being personally served at his residence (23 Southbridge Lane, Edwardsville, Illinois 62025-3843) by the U.S. Marshal on June 18, 2008.

2. Heptacore has complied with all applicable Illinois statutes and Illinois Supreme Court Rules of Civil Procedure, namely 735 ILCS 5/2-

1601, 735 ILCS 5/2-1602, Rule 105 and Rule 106, as required to revive this Court's amended judgment signed March 13, 2002 and entered on the docket March 19, 2002 in Case No. 01-cv-0493-MJR.

3. Heptacore has fully complied with this Court's July 25, 2008 Order which (a) set an August 8, 2008 deadline for any objection to the motion for default judgment and (b) directed Heptacore to serve the motion and order on Luster. *See* Docs. 15-17.

4. The deadline for Luster to respond to the default judgment motion has elapsed, with no filing by Luster.

Therefore, the Court **GRANTS** Heptacore's motion for default judgment (Doc. 14), under Federal Rule of Civil Procedure 55(b).

It is **ORDERED and ADJUDGED** that the Judgment in Bankruptcy Adversary Case Number 00-3191 (Bankruptcy Case Number 00-31005) entered June 14, 2001 – as amended by this Court in its March 19, 2002 Amended Judgment in Case No. 01-cv-0493-MJR – **is hereby REVIVED** in its entirety.

Accordingly, **JUDGMENT IS ENTERED** in favor of Heptacore, Inc. and against Scott Luster in the amount of $285,000.00 (the amount of debt found non-dischargeable under 11 U.S.C. §523(a)(2)(A)), plus $97,474.15 (the amount of attorneys' fees and costs awarded to Heptacore), plus $211,392.93 (the amount of interest due Heptacore through June 14,

2001).  Post-judgment interest accrues at 3.64% per annum from June 14, 2001 until the date judgment is fully paid.

**IT IS FURTHER ORDERED AND ADJUDGED** that Heptacore may recover interest and court costs from the date of the initial Judgment (June 14, 2001).  Credits to the Judgment shall be reflected by Heptacore in supplemental proceedings or execution.  **Costs of this proceeding are awarded** to Heptacore and shall be (upon submission of the appropriate Bill of Costs or other pleading detailing the amounts recoverable) taxed against Luster.

IT IS SO ORDERED.

Dated this 14th day of August 2008.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
